IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

McDOWELL BUILDING, LLC,    *

 Plaintiff,        *

  v.         *   Civil Action No. RDB-12-2876

ZURICH AMERICAN INSURANCE CO., *

 Defendant.      *

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION & ORDER</u>**

In this diversity action, Plaintiff McDowell Building, LLC ("McDowell Building") has sued Zurich American Insurance Co. ("Zurich American") for breach of an architect's malpractice insurance policy. McDowell Building alleges that it was harmed by the negligence of its architect, and that Zurich wrongfully denied coverage under the policy. Pending before this Court are Zurich American's Motion *in Limine* as to Attorney's Fees (ECF No. 46) and, additionally, Zurich American's Motion *in Limine* as to Damages for Lost Tax Credit (ECF No. 47).[1] The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Zurich American's Motion *in Limine* as to Attorney's Fees (ECF No. 46) and Motion *in Limine* as to Damages for Lost Tax Credit (ECF No. 47) are DENIED.

---

[1] Additionally, McDowell Building, LLC has filed a Motion to Postpone Testimony of Jill Dunn, CPA (ECF No. 42). The motion remains pending on the docket, but this Court notified the parties' counsel that the motion would be granted during the conference call held on April 13, 2015. Accordingly, this Court memorializes its ruling in this memorandum opinion, and rules that McDowell Building's Motion to Postpone Testimony of Jill Dunn, CPA (ECF No. 42) is GRANTED.

BACKGROUND

This Court has summarized the facts of this case on numerous other occasionas. Suffice it to say, Plaintiff McDowell Building, LLC ("McDowell Building") is a real estate developer involved in a project known as the "McDowell Building," located in the Mt. Vernon neighborhood of Baltimore, Maryland. As part of the development plan, the members of McDowell Building hoped to obtain state and federal tax credits.

By September 23, 2004, Brasher Design, the architecture firm charged with completing the tax credit application, discovered that the Maryland Historical Trust had no application for the McDowell Building project on file. McDowell Building subsequently failed to prevail in its lawsuit attempting to force the Maryland Historical Trust to process its application.

Thereafter, Brasher Design and McDowell Building settled the negligence claims brought by one of the individual members of McDowell Building (and on the company's behalf) against Brasher Design. Under the terms of the settlement agreement, the parties agreed that McDowell Building's loss due to Brasher Design's failure to file the application was $625,000 plus interest at the legal rate from April 2, 2005; however, the only monetary payment made by Brasher Design to McDowell Building was a promissory note in the amount of $250,000, payable over a number of years.[2] In addition, Brasher Design assigned to McDowell Building "all claims that DRBrasher, Inc.'s has against Zurich American Insurance Company for payment of damages caused by DRBrasher, Inc.'s failure to obtain

---

[2] The Settlement Agreement specifically states, however, that the settlement was made "[w]ithout prejudice to McDowell's right to recover the full amount of the Damages form the [assigned] insurance claims . . ." and in recognition of the fact that "DRBrasher, Inc. [was] financially unable to pay the full amount of the Damages and [had] a liquidation value of less than $150,000."

Maryland historic tax credits."

ANALYSIS

## I.  Zurich American's Motion *in Limine* as to Attorney's Fees (ECF No. 46)

In its first motion *in limine*, Zurich American contends that the scope of the assignment of rights made in the settlement between Brasher Design and McDowell Building does not include the right to attorney's fees.  In Zurich American's view, the assignment was "circumscribed" and did not include all of Brasher Design's rights under the insurance contract; instead, the assignment "only entitles McDowell to seek an amount that Brasher Design could seek against Zurich for payment of damages caused by Brasher Design's failure to obtain Maryland historic tax credits for McDowell."  Mot. *in Limine* Att'y's Fees 2, ECF No. 46.  Accordingly, Zurich American contends that McDowell Building is entitled to recover neither the amount of attorney's fees incurred by Brasher Design (relating to the defense of the underlying action or its attempts to seek insurance coverage) nor McDowell's attorney's fees in bringing this action.

In opposition, McDowell Building contends that the issue raised by Zurich American is not properly raised in a motion *in limine* and instead is a question for trial.  Additionally, McDowell Building asserts that the phrase "all claims" in the assignment clearly indicates that the parties to the settlement agreement intended to assign the right to attorneys' fees as well.  Finally, McDowell Building offers a letter from Ron Brasher of Brasher Design to McDowell Building—dated April 15, 2015, the same day as McDowell Building's brief—that states that the settlement agreement was intended to assign Brasher Design's right to collect attorney's fees.

The dispute over McDowell Building's entitlement to attorney's fees centers on the assignment of rights in the settlement between McDowell Building and Zurich American Insurance Co.  The relevant provision reads:

> DRBrasher, Inc. hereby assigns to McDowell all claims that DRBrasher, Inc. has against Zurich American Insurance Company for payment of damages caused by DRBrasher, Inc.'s failure to obtain Maryland historic tax credits for McDowell.

The question before this Court is whether the term "all claims" should be construed narrowly to include only Brasher Design's claims pertaining to the liability of Zurich American, or whether it should be interpreted more broadly to include Brasher Design's additional right to collect attorney's fees arising out of any enforcement action.  As this summary indicates, the term "all claims" is ambiguous and is therefore a substantive issue of contract interpretation.  Accordingly, this issue is not properly presented to the Court on a motion *in limine*, and the Court will deny the motion.

## II.   Zurich American's Motion *in Limine* as to Damages for Lost Tax Credit (ECF No. 47)

In its second motion *in limine*, Zurich American contends that any recovery by McDowell Building should be limited to $250,000—the amount of the promissory note settling the claims between Brasher Design and McDowell Building.  Zurich American contends that this amount controls what McDowell Building may recover under the Policy.

In opposition, McDowell Building argues that Zurich American wrongfully denied coverage and therefore cannot be insulated from further liability simply because the insured agreed to pay less than the amount of actual damages in a settlement agreement. Additionally, McDowell Building argues that it must be able to demonstrate the value of the

Case 1:12-cv-02876-RDB   Document 53   Filed 04/17/15   Page 5 of 6

lost tax credits if Zurich American challenges the reasonableness of the settlement between

Brasher Design and McDowell Building (as Zurich American has indicated it intends to do).

The parties have not cited to any significant caselaw addressing the type of settlement

involved in this case—i.e., one where the parties stipulate to an amount of actual damages

but agree to a lesser monetary amount—and this Court has been unable to identify any such

caselaw in its own search. *See Benway v. Resource Estate Services, LLC*, Civ. A. No. WMN-05-

3250, 2011 WL 1045597, at *2 (D. Md. Mar. 16, 2011) (noting that Maryland has not yet

endorsed "Miller Shugart" agreements, under which the parties enter a stipulated judgment

but the judgment holder agrees not to enforce the judgment in exchange for the judgment

debtor's assignment of rights under an insurance contract); *but see Pulte Home Corp. v. Parex*,

174 Md. App. 681, 757-760 (Md. Ct. Spec. App. 2007) (in complex construction litigation,

recovery on assigned claims limited to actual amount paid by insurance companies rather

than amount stipulated in consent judgment).

Regardless of the status of such agreements under Maryland law, it is clear that

exclusion of the evidence on the value of the lost tax credits at this time would be

unwarranted.  Zurich American has indicated that it may challenge the reasonableness of the

settlement between Brasher Design and McDowell Building.  *See* Mot. *in Limine* Damages for

Lost Tax Credits at 3 n.3, ECF No. 47.  In light of that proffer, it is necessary for McDowell

Building to be able to present evidence on the value of the tax credit.  Accordingly, the

motion will be denied.[3]

---

[3] Even if Zurich American were to suddenly change course and stipulate to the reasonableness of
the settlement, this Court would decline to determine the complex issue presented by this case with
respect to Miller-Shugart agreements on a motion *in limine*.

CONCLUSION

Accordingly, for the reasons stated above, it is this 17th day of April, 2015, ORDERED that:

1) Zurich American Insurance Co.'s Motion *in Limine* as to Attorney's Fees (ECF No. 46) is DENIED;

2) Zurich American Insurance Co.'s Motion *in Limine* as to Damages for Lost Tax Credit (ECF No. 47) is DENIED;

3) McDowell Building LLC's Motion to Postpone Testimony of Jill Dunn, CPA (ECF No. 42) is GRANTED; and

4) The Clerk of the Court transmit copies of this Order to Counsel.

                              /s/
                         Richard D. Bennett
                         United States District Judge